No. 105,006

Debra L. Miller, *et al.*, *Plaintiffs*, v. FW Commercial Properties, LLC, *et al.*, *Defendants*. Oscar Armendariz, *Appellant*, Richard Britt, Jr., and Angela Britt, *Appellees*.

(272 P.3d 596)

Opinion filed March 9, 2012.

*Norbert C. Marek, Jr.*, of Westmoreland, argued the cause and was on the brief for appellant.

*Vernon L. Jarboe*, of Sloan, Eisenbarth, Glassman, McEntire & Jarboe, L.L.C., of Topeka, argued the cause, and *Martha A. Peterson*, of the same firm, was with him on the brief for appellees.

The opinion of the court was delivered by

Moritz, J.: Oscar Armendariz, the owner of a tract of land subject to eminent domain proceedings, appeals the district court's order determining the final distribution of an appraisers' award. Armendariz contends the district court erred in distributing a portion of the award based on quantum meruit to Vernon Jarboe, the attorney for Richard Britt, Jr., and Angela Britt ("the Britts"), who were formerly interested parties to the eminent domain proceeding. Because we conclude the district court lacked statutory au-

thority to award fees to Jarboe, we reverse the district court's award and remand with directions to enter an order distributing the entire amount of the award in favor of Armendariz.

### FACTUAL AND PROCEDURAL BACKGROUND

In December 2009, the Kansas Department of Transportation (KDOT) filed a petition seeking to exercise the power of eminent domain over several tracts of land in Riley County, including Tract 46, which was owned by Armendariz. The petition also listed the Britts as interested parties in Tract 46 by virtue of a pending quiet title action in which the Britts claimed title to Tract 46 through adverse possession.

On February 10, 2010, the court-appointed appraisers entered an award of $18,000 for Tract 46. To that point, Armendariz had not been represented by counsel in the eminent domain proceeding. After the appraisers' award, he retained counsel Norbert Marek to represent him in an appeal of that award. Marek also represented Armendariz in the quiet title action.

The Britts were represented by attorney Vernon Jarboe in the eminent domain proceeding and by attorney Jim Morrison in the separate quiet title action.

Shortly after entry of the appraisers' award, Jarboe sent a letter to Morrison and Marek as attorneys for the parties in the pending quiet title action. In the letter, Jarboe noted that the appraisers valued Tract 46 at $18,000 and that this amount represented an $11,000 increase over KDOT's original $7,000 settlement offer. Citing his fee agreement with the Britts wherein the Britts agreed to pay him 25% of any increase in the appraisers' award above the highest offer, Jarboe asserted he "would be entitled to a fee of 25% of $11,000.00 by contract with Mr. and Mrs. Britt and either by implied contract or quantum meruit against Mr. Armendariz."

After KDOT paid funds to the clerk of the district court to satisfy the court-appointed appraisers' award pursuant to K.S.A. 26-507, the district court ordered the clerk to disburse the awards upon request. Despite the still-pending quiet title action, the Britts, through Jarboe, filed a motion in the eminent domain proceeding seeking distribution of the appraisers' award for Tract 46. In the

motion, the Britts specifically requested that the $18,000 award be distributed first to Jarboe in accordance with the Britts' fee agreement with him and that the balance of the award be paid to the Britts. Notably, the motion did not attempt to assert quantum meruit as a basis for the Britts' recovery of attorney fees, nor did the Britts' motion attempt to assert any claim for fees by Jarboe against Armendariz.

Despite the motion's lack of any claim for fees for Jarboe in quantum meruit, Armendariz filed a response to the motion arguing, *inter alia*, that Jarboe was not entitled to an award of attorney fees under quantum meruit. Armendariz, through his counsel Marek, also asserted that the motion was premature because the Britts' quiet title proceeding and Armendariz' appeal of the appraisers' award were both still pending.

In April 2010, the district court conducted a hearing on the Britts' motion to distribute the award. At the hearing, Jarboe reasserted that as a result of his efforts, the appraisers' award increased by $11,000. On behalf of the Britts, Jarboe requested he be paid 25% of that amount, or $2,750, in accordance with his contingency fee agreement with the Britts. Jarboe suggested the remainder of the $18,000 award be held by the court until the adverse possession action was final.

Apparently because Armendariz had addressed the quantum meruit issue in his response to the Britts' motion, the district court asked Jarboe if he was seeking attorney fees from Armendariz based upon a quantum meruit theory. Jarboe responded that although he had no agreement with Armendariz, if the Britts were unsuccessful in their quiet title action, Jarboe would be entitled to attorney fees from Armendariz on the basis of quantum meruit. Jarboe pointed out that although Armendariz had retained counsel and filed an appeal of the appraisers' award, Armendariz had not been represented by counsel at the appraisers' hearing. Jarboe suggested to the court that the increase in the appraisers' award was attributable solely to his efforts and that the benefit of his efforts would inure to Armendariz if the Britts were not successful in their quiet title action.

Ultimately, at the close of the hearing, the district court made no determination regarding distribution of the appraisers' award, but instead ordered the parties to file supplemental briefs on Jarboe's quantum meruit claim.

Both parties filed briefs on the quantum meruit claim, and Armendariz also filed a supplemental brief informing the court that Armendariz and KDOT had settled Armendariz' appeal of the appraisers' award for $25,000. Further, Armendariz advised that the jury in the quiet title proceeding had found against the Britts, quieting title to Tract 46 in Armendariz. Consequently, Armendariz argued the total amount of the appraisers' award should be distributed to him.

In August 2010, the district court entered its order distributing the appraisers' award, specifically noting "the claim of Vernon Jarboe, for attorney fees comes before the court." The order contained no mention of the Britts or their claim for attorney fees based on their express contingency fee agreement with Jarboe. Instead, the court concluded the $11,000 increase in the appraisers' award over KDOT's original offer resulted from Jarboe's efforts and "inure[d]" to the benefit of Armendariz. Therefore, the court awarded Jarboe $2,750 based on quantum meruit and ordered the balance of the award paid to Armendariz. Armendariz appeals the district court's distribution order.

## ANALYSIS

The parties do not raise the issue of jurisdiction, but we have a duty to question jurisdiction on our own initiative. *State v. Comprehensive Health of Planned Parenthood,* 291 Kan. 322, 352, 241 P.3d 45 (2010). Whether jurisdiction exists is a question of law over which we exercise unlimited review. *Kansas Medical Mut. Ins. Co. v. Svaty,* 291 Kan. 597, 609, 244 P.3d 642 (2010). Specifically, we raise the preliminary question of whether the district court had statutory authority to resolve a claim made by Jarboe, who was not a party in interest, regarding a dispute between Jarboe and Armendariz.

Condemnation proceedings in Kansas are governed by the Kansas Eminent Domain Procedure Act (the Act), K.S.A. 26-501 *et seq.* See K.S.A. 26-516.

"The Act provides for bifurcated proceedings in determining compensation. First, appraisers determine the amount of the award. 'Under the "undivided fee rule" followed in Kansas, the total award for the condemned property is determined in the first proceeding, without consideration of the competing demands of the various holders of interests in the land.' [Citation omitted.] Thereafter, the parties in interest divide the award among themselves. However, 'if various parties in interest cannot agree among themselves as to the division of that award, the court allocates the award pursuant to K.S.A. 26-517. [Citation omitted.]' [Citation omitted.]" *City of Roeland Park v. Jasan Trust*, 281 Kan. 668, 672, 132 P.3d 943 (2006).

Armendariz appeals the district court's final distribution of the appraisers' award pursuant to K.S.A. 26-517, which provides:

"In any action involving the condemnation of real property in which there is a *dispute among the parties in interest* as to the division of the amount of the appraisers' award or the amount of the final judgment, the district court shall, *upon motion by any such party in interest*, determine the final distribution of the amount of the appraisers' award or the amount of the final judgment." (Emphasis added.)

By its plain language, K.S.A. 26-517 permits the district court to determine the final distribution of the appraisers' award or amount of the final judgment only when there is a "dispute among the parties in interest as to the division" of the award or final judgment and any such party in interest files a motion seeking final distribution of the award or final judgment.

Here, the Britts filed a motion seeking final distribution of the appraisers' award. At least at the time the motion was filed, the Britts were parties in interest as a result of their pending action to quiet title to Tract 46. And while the Britts' motion sought an award of attorney fees, that request was based specifically on the Britts' contractual 25% contingency fee agreement with Jarboe and not on any quantum meruit claim for fees Jarboe might have against Armendariz.

In contrast, Jarboe was not a party to the eminent domain proceeding, nor was he listed as a lienholder or other interested party with respect to Tract 46 in the eminent domain petition or in the appraisers' award. Rather, Jarboe's only appearance in this proceeding was as the attorney of record for the Britts. Thus, Jarboe himself was never a party in interest under K.S.A. 26-517, and he conceded as much at the oral argument of this appeal. Moreover,

by the time the court entered its distribution order, the Britts were no longer parties in interest. Instead, because the Britts' quiet title action had been resolved in favor of Armendariz, Armendariz was the *only* party in interest.

Thus, when the district court ordered a final distribution of the appraisers' award, it lacked authority to do so under K.S.A. 26-517 because Armendariz was the only party in interest and there was no "dispute among the parties in interest" for the court to resolve. This error is apparent in the text of the district court's order, which contains no mention of the Britts but awards Vernon Jarboe $2,750 based on his quantum meruit claim for attorney fees against Armendariz.

The district court's final distribution order is reversed and remanded with directions to distribute the entire amount of the award in favor of Armendariz.